IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WILLIAMS,

    Plaintiff,                    No. CIV S-06-2151 WBS DAD P

    vs.

DAVID RAMIREZ, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $0.55 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

/////

1  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In the present case, plaintiff has named as defendants Correctional Officer David Ramirez, Appeals Coordinator B. Gentry, and Warden M.C. Kramer.

        Plaintiff alleges that, on July 21, 2005, he received his morning meal but was unhappy with the serving portion.  Plaintiff informed the supervising officer, and he referred plaintiff to Officer Ramirez.  Plaintiff alleges that Officer Ramirez made it clear to him that he

would not be getting anything else to eat and ordered plaintiff to leave. Plaintiff alleges that he then noticed a hair in his food. Plaintiff again attempted to explain the situation to Officer Ramirez, but he refused to listen. Plaintiff alleges that he asked to speak with a Sergeant, and Officer Ramirez told him to leave before he was shot. Plaintiff asked a second time, and Officer Ramirez told plaintiff to put his hands behind his back. Officer Ramirez put handcuffs on plaintiff and placed him in an isolation cell. After Officer Ramirez removed the handcuffs, plaintiff noticed blood and discoloration on his left wrist. Plaintiff informed the Lieutenant about the injury and was told that a medical technician was on the way.

While waiting for the medical technician, plaintiff alleges that Officer Ramirez told him that he did not intend to write-up plaintiff for a rules violation but said he would if plaintiff appealed his actions or complained to prison officials. Plaintiff alleges that he proceeded through the grievance process, but Appeals Coordinator Gentry erroneously characterized his appeal as a living condition complaint instead of a staff complaint.

Plaintiff requests declaratory judgment, compensatory damages ($25,000), punitive damages ($750,000), and general damages ($25,000).

The court finds that plaintiff's complaint states cognizable claims for relief against defendant Officer Ramirez. If the allegations of the complaint are proven against this defendant, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court finds that plaintiff's complaint does not state a cognizable claim against defendants Gentry and Kramer. Plaintiff has failed to allege any specific causal link between the actions of either Gentry or Kramer and the claimed constitutional violations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 28, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.55. All fees shall be collected and paid in

4

accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

   3. Service of the complaint is appropriate for David Ramirez.

   4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the complaint filed September 28, 2006.

   5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed September 28, 2006.

   6. Plaintiff shall not attempt to effect service of the complaint on the defendant or request a waiver of service of summons from the defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: May 16, 2007.

             _____
             DALE A. DROZD
             UNITED STATES MAGISTRATE JUDGE

DAD:9
will2151.1dft

1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  KEITH WILLIAMS,

11          Plaintiff,                    No. CIV S-06-2151 WBS DAD P

12      vs.

13  DAVID RAMIREZ, et al.,                NOTICE OF SUBMISSION

14          Defendant.                    OF DOCUMENTS

15  _____/

16          Plaintiff hereby submits the following documents in compliance with the court's

17  order filed _____:

18          ____   one completed summons form;

19          ____   one completed USM-285 form; and

20          ____   two true and exact copies of the complaint filed September 28, 2006.

21  DATED: _____.

22

23                                            _____
                                              Plaintiff
24

25

26