IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WILLIAMS,

        Plaintiff,                    No.  CIV S-06-2151 WBS DAD P

   vs.

DAVID RAMIREZ,

        Defendant.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  Before the court is plaintiff's motion to compel.  Therein, plaintiff seeks a court order compelling defense counsel to respond to his second set of requests for admissions and his interrogatories.  Plaintiff has attached to his motion copies of his discovery requests, including the proofs of service.

        Defendant Ramirez has filed an opposition to plaintiff's motion to compel in which he argues that plaintiff failed to meet and confer with him prior to filing his motion to compel.  Defendant also argues that it is not clear when plaintiff served the discovery requests in question.  On the one hand, plaintiff claims in his one-page motion that he served his discovery requests on July 10, 2007.  However, defendant notes that plaintiff's discovery requests, if served July 10, 2007, were premature because defendant did not file an answer in this action until

1

1   October 25, 2007, and the court did not issue its discovery order until November 2, 2007.  On the
2   other hand, plaintiff's proof of service for his request for admissions suggests that he served his
3   discovery request on July 10, 2008.  However, defendant notes that plaintiff filed the instant
4   motion to compel with the court on May 29, 2008, well-before serving any July 10, 2008
5   discovery requests.  Defendant notes that he has responded to plaintiff's previous discovery
6   requests in good faith and concludes that the court should deny plaintiff's motion to compel.

7         Plaintiff has filed a brief reply in which he appears to argue that defendant
8   Ramirez has responded to his discovery requests with ambiguous answers in order to suppress
9   facts that would demonstrate misconduct by the defendant and the Department of Corrections.
10  Plaintiff maintains that he seeks to compel discovery for the purpose of presenting evidence to
11  the court and the jury in this matter.

12        Under Rule 37 of the Federal Rules of Civil Procedure, a motion to compel may
13  be brought "[i]f a party fails to make a disclosure required by Rule 26(a)" or replies to a
14  discovery request with an "evasive or incomplete disclosure, answer, or response."  See Fed. R.
15  Civ. P. 37(a).  It is not clear from plaintiff's motion to compel and the attachments thereto when
16  or whether plaintiff served defendant Ramirez with his discovery requests that are the subject of
17  the pending motion.  In any event, if plaintiff served defendant with his discovery requests on
18  July 10, 2007, before this court issued its discovery order, they were premature.  If plaintiff
19  served his discovery requests on July 10, 2008, after plaintiff filed his motion to compel,
20  plaintiff's motion to compel is premature.  Moreover, to the extent that plaintiff claims in his
21  reply that defendant's responses to his previous discovery requests have been evasive or
22  incomplete, plaintiff has not provided the court with any evidence to support this contention.  For
23  example, plaintiff has not attached to his motion to compel or his reply any of defendant's
24  responses to previous discovery requests.  Nor has plaintiff attempted to explain how or why
25  defendant's responses to his discovery requests have been inadequate.  Accordingly, the court
26  will deny plaintiff's motion to compel.

1  Good cause appearing, IT IS HEREBY ORDERED that plaintiff's May 29, 2008
2 motion to compel is denied.  The case will proceed in accordance with the court's April 9, 2008
3 scheduling order.
4 DATED: July 22, 2008.

```
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

DAD:9
will2151.mtc