IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WILLIAMS,

     Plaintiff,                        No. CIV S-06-2151 WBS DAD P

     vs.

DAVID RAMIREZ, et al.,

     Defendants.               ORDER

                                /

         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

         On May 12, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Defendants have filed objections to the findings and recommendations to the extent that the Magistrate Judge expressed the intention to allow plaintiff to proceed on a First Amendment retaliation claim if plaintiff files an amended pretrial statement.

         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.  Having carefully reviewed the

1

1  entire file, the court finds the findings and recommendations to be supported by the record and
2  by proper analysis.  Although defendants argue a First Amendment retaliation claim is not
3  pleaded in the complaint, the complaint does talk about how defendant Ramirez allegedly injured
4  plaintiff's wrist after he complained about a hair in his soup.  Moreover, to the complaint is
5  attached a copy of plaintiff's administrative claim, in which he states, *inter alia*, that ". . . c/o
6  Ramirez's threat to subject me to disciplinary action if I complained to prison officials about his
7  actions constitutes retaliation.  Said retaliatory action are [sic] in violation of my constitutional
8  rights to complain/appeal. . . ."  Such attachments may properly be considered part of the
9  complaint.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

The Magistrate Judge's expressed intention to allow plaintiff to amend his pretrial statement to reinstate his First Amendment retaliation claim is not clearly erroneous.  However, as defendants point out, discovery did appear to proceed on the assumption that if there was such a claim it had been abandoned.  Accordingly, if plaintiff is allowed to reinstate that claim, the new scheduling order should reopen discovery at least for the limited purpose of allowing defendants to complete their discovery relative to that claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 12, 2009 are adopted in full; and

2. Defendant's October 24, 2008 motion for summary judgment (Doc. No. 41) is denied.

DATED:  June 4, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE