IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH WILLIAMS,

      Plaintiff,                    No. CIV S-06-2151 WBS DAD P

      vs.

DAVID RAMIREZ, et al.,

      Defendants.             ORDER

/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action seeking relief under 42 U.S.C. § 1983.

      On June 5, 2009, the assigned district judge denied defendant Ramirez's motion for summary judgment and acknowledged the undersigned's intent to allow plaintiff to proceed on a First Amendment retaliation claim if he included such a claim in an amended pretrial statement. The assigned district judge explained, however, that if plaintiff included a retaliation claim in an amended pretrial statement, the parties should be allowed to conduct limited discovery with respect to the claim. Plaintiff filed an amended pretrial statement that included a First Amendment retaliation claim. Accordingly, on June 10, 2009, the undersigned modified the scheduling order in this action to allow limited discovery with respect to plaintiff's retaliation

/////

1

claim. The modified scheduling order also allowed the parties to file additional dispositive motions with respect to the retaliation claim.

Now pending before the court are several pretrial motions filed by plaintiff. First, plaintiff has filed a motion for a court order requiring the attendance of two incarcerated witnesses at trial. As the court previously advised plaintiff, a motion to obtain the attendance of incarcerated witnesses must (1) state the name, California Department of Corrections and Rehabilitation ("CDCR") Identification number, and address of each such witness, and (2) be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

Here, plaintiff provides inadequate information as to the incarcerated witnesses he wishes to call at trial. Plaintiff states only that the first potential witness' name is Peter Kahoone and that the name of the second potential witness is Davis C-51734. In addition, plaintiff acknowledges that he has not been in recent contact with these witnesses, so it is not clear that they are willing to voluntarily attend trial. Plaintiff also has not, to the court's satisfaction, explained how the testimony of these two witnesses would be relevant to his retaliation cause of action. Finally, discovery is still open and the parties may file dispositive motions with respect to plaintiff's retaliation claim. Thus, plaintiff's motion is premature.

Second, plaintiff has attached to his motion a declaration explaining that he has requested documents from the defense, including those reflecting that the defendant was cited for abusive misconduct and excessive force from 2005 to 2009 and was reported for engaging in retaliation. Plaintiff notes that he has not received any response to his requests and asks the court to issue an order requiring the defense to produce the documents.

To the extent that plaintiff seeks to compel discovery responses from the defendant, he is advised that his declaration, which the court has construed as a motion to compel, is inadequate. Under Rule 37 of the Federal Rules of Civil Procedure, a motion to compel may be brought "[i]f a party fails to make a disclosure required by Rule 26(a)" or replies

1 to a discovery request with an "evasive or incomplete disclosure, answer, or response."  See Fed.
2 R. Civ. P. 37(a).  It is not clear from plaintiff's vague and conclusory motion when or whether
3 plaintiff served defendant Ramirez with his discovery requests.  Moreover, to the extent that
4 plaintiff seeks documents that are not related to his retaliation claim, he is advised that the court
5 re-opened discovery only as to his retaliation claim.

6        Third, plaintiff has filed a motion for a court order requiring the attendance of five
7 unincarcerated "hostile" witnesses at trial.  As the court previously advised plaintiff, to the extent
8 witnesses refuse to testify voluntarily, <u>not earlier than four weeks and not later than two weeks
9 before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for
10 service by the Marshal upon the witness.  (Blank subpoena forms may be obtained from the
11 Clerk of the Court.)  Also, the party seeking the presence of a witness at trial must tender an
12 appropriate sum of money to the witness through the United States Marshal.  In the case of an
13 unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the
14 witness' travel expenses</u>.

15        A subpoena will not be served by the United States Marshal upon an
16 unincarcerated witness unless the subpoena is accompanied by a money order made payable to
17 the witness for the full amount of the witness' travel expenses plus the daily witness fee of
18 $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no
19 statute authorizes the use of public funds for these expenses in civil cases, the tendering of
20 witness fees and travel expenses is required even if the party was granted leave to proceed in
21 forma pauperis.

22        Finally, plaintiff has filed a motion for a court order that he be transferred to this
23 court to appear at his trial.  Plaintiff has also filed a request for petition for a writ of habeas
24 corpus ad testificandum requiring prison officials to allow him to appear at his trial.  Plaintiff is
25 advised that such motions and requests are unnecessary.  An order and writ requiring plaintiff's
26 appearance will be issued by the court, if necessary, at the appropriate time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 27, 2009 motion to obtain the attendance of two incarcerated witnesses at trial (Doc. No. 67) is denied without prejudice;

2. Plaintiff's May 27, 2009 declaration construed as a motion to compel (Doc. No. 67) is denied;

3. Plaintiff's May 27, 2009 motion to obtain the attendance of five unincarcerated witnesses at trial (Doc. No. 68) is denied; and

4. Plaintiff's May 27, 2009 motion and petition to appear a trial (Doc. Nos. 69 & 70) are denied as unnecessary.

DATED: August 25, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2151.mots